**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Chapter 7 |
| SHIFTPIXY, INC., *et al.*, | Case No. 24-21209-LMI |
| Debtor. | (Jointly Administered) |
| _____ / | |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

    Creditor APIZZA, LLC

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in an adversary proceeding.
    ❏ Plaintiff
    ❏ Defendant
    ❏ Other (describe) _____

    For appeals in a bankruptcy case and not in an adversary proceeding.
    ❏ Debtor
    ☒ Creditor
    ❏ Trustee
    ❏ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

    Order Granting Trustee's Motion to Compromise Controversy with Certain Former Officers and Directors and XL Specialty Insurance (ECF No. 383) (*see* Exhibit A); and Order Denying APIZZA's Motion to Amend or Make Additional Findings with Respect to Order Granting Motion to Compromise Controversy (ECF No. 413) (*see* Exhibit B)

2. State the date on which the judgment, order, or decree was entered: October 28, 2025 (ECF No. 383) and December 23, 2025 (ECF No. 413)

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: <u>Jacqueline Calderin Chapter 7 Trustee,</u>  Attorney: <u>Robert P. Charbonneau</u>
   Agentis, PLLC
   45 Almeria Avenue
   Coral Gables, Florida 33134
   Tel: (305) 722-2002
   rpc@agentislaw.com

2. Party: <u>Scott Absher, Mark Absher and Manny Rivera</u>  Attorneys: <u>Samuel Hess & Brad Shraiberg</u>
   Shraiberg Page P.A.
   2385 N.W. Executive Center Drive, Ste. 300
   Boca Raton, Florida 33431
   Tel: (561) 443-0821
   shess@slp.law
   bss@slp.law

3. Party: <u>XL Specialty Insurance Company</u>  Attorney: Leslie Ahari
   Werner Ahari Magel LLP
   2112 Pennsylvania Ave, NW, Suite 200
   Washington, DC 20037
   Tel: (202) 599-1013
   lahari@wam.law

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

*/s/ Nicola Gelormino*                                                                             Date: January 6, 2026

Nicola Gelormino
Florida Bar No. 91432
**GELORMINO LAW, P.A.**
9130 S. Dadeland Blvd., Ste. 1609
Miami, FL 33156
Tel: (305)-423-1994
nicola@gelorminolawpa.com
*Attorney for Appellant APIZZA, LLC*

W. Calvin Smith
VSB No 46461
**DUNLAP BENNETT & LUDWIG PLLC**
211 Church Street, SE
Leesburg, VA 20175
Tel: (540) 556-4289
csmith@dbllawyers.com
*Attorney for Appellant APIZZA, LLC*
*Admitted pro hac vice*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2026, a copy of the foregoing was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By:     */s/ Nicola Gelormino*
            Nicola Gelormino

# EXHIBIT "A"



**ORDERED in the Southern District of Florida on October 28, 2025.**

_____
Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| *In re:* | Case No.: 24-21209-LMI |
| SHIFTPIXY, INC.,[1] | Chapter 7 (Jointly Administered) |
| Debtors. / | |

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH CERTAIN FORMER OFFICERS AND DIRECTORS AND <u>XL SPECIALTY INSURANCE</u>**

THIS MATTER came before the Court for hearing on October 21, 2025 at 3:45 p.m. (the "Hearing") upon the *Trustee's Motion to Compromise Controversy With Certain Former Officers And Directors and XL Specialty Insurance* (the "Settlement Motion") [ECF# 369], Jacqueline Calderin, as the Chapter 7 Trustee (the "Trustee"), of the jointly administered bankruptcy estates of ShiftPixy, Inc.,

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

ShiftPixy Staffing, Inc., and ReThink Human Capital Management, Inc. (collectively, the "Debtors"), pursuant to Fed. Bankr. R. 9019, to (i) approve the *Settlement Agreement* [ECF# 367] (the "Settlement Agreement") entered into by and among (1) the Trustee; (2) Scott Absher ("S. Absher"); (3) Mark Absher ("M. Absher"); (4) Manny Rivera ("Rivera") (S. Absher, M. Absher, and M. Rivera are referred to collectively as the "Insureds"); and (5) XL Specialty Insurance Company ("XL Specialty") (the foregoing collectively referred to as the "Parties"). The Court set the Settlement Motion for a preliminary hearing on the Hearing date.

The Trustee moved to shorten the notice required under Fed. R. Bankr. P. 2002 and 9019, [ECF #370] and moved to file the Settlement Motion under seal, with the agreement of the Parties [ECF #367]. All of the economic and release terms were set forth in the Settlement Motion, and a redacted version of the Settlement Agreement was filed at [ECF #378], similarly setting forth all of the economic terms of the settlement, and redacting only language pertaining to certain reserves under the Settlement Agreement for defense of other claims. Both motions were granted.

Creditor Apizza, LLC ("Apizza") filed an objection at [ECF #376] to the Settlement Motion and Sealed Settlement Agreement. Apizza's objection did not relate to the economics of the Settlement Agreement, but rather to the Court's orders shortening time and to seal the Settlement Motion. Notwithstanding the sealed nature of the Hearing, counsel for Apizza were permitted to attend, raised Apizza's objections, and participated in the entire hearing. The Court overruled Apizza's objections.

Except as otherwise ordered by the Court, the Court finds that (i) the Settlement Motion was served as required by Fed. R. Bankr. P. 2002 and applicable Local Rules; and (ii) no party in interest, other than Apizza, filed or served on the Trustee a response to the Settlement Motion. The Court reviewed and considered the Settlement Motion, accepted the proffered testimony of the Trustee, takes judicial notice of the Court record in its entirety, and finds that the Trustee has carried her required burden under

*In re Justice Oaks II, Ltd*., 898 F.2d 1544 (11th Cir. 1990), finds that sufficient and proper notice of the Settlement Motion was served on creditors and parties in interest, that the Settlement Agreement is reasonable and in the best interests of creditors and the Estate, and that good cause exists to approve the Settlement Agreement, and **ORDERS** as follows:

1. The Motion is **GRANTED**.

2. The Settlement Agreement and all of its terms and conditions are **APPROVED**.

3. The Trustee is also authorized to take all other actions and execute all documents necessary to effectuate the terms of the Settlement Agreement.

4. All other Parties are directed to perform pursuant to the terms of the Settlement Agreement.

5. The Court incorporates the terms of the Settlement Agreement into this Order and reserves jurisdiction to enforce the terms of this Order and the Settlement Agreement.

# # #

**Copy to:**
Robert P. Charbonneau
Florida Bar No.: 968234
rpc@agentislaw.com
AGENTIS PLLC
*Counsel for Trustee*
45 Almeria Avenue
Coral Gables, Florida 33134
T: 305.722.2002
www.agentislaw.com

(Copy furnished to Agentis attorney Robert P. Charbonneau who is directed to serve a copy of this Order upon all interested parties)

# EXHIBIT "B"



**ORDERED in the Southern District of Florida on December 22, 2025.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

*In re:*

SHIFTPIXY, INC. *et al*,[1]

      Debtor.         /

Case No.: 24-21209-LMI

Chapter 7

**ORDER DENYING APIZZA'S**
**MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS WITH**
**RESPECT TO ORDER GRANTING MOTION TO COMPROMISE CONTROVERSY**

THIS MATTER came before the Court on Monday, December 1, 2025 at 10:30 a.m. (the "Hearing") upon *APIZZA's Motion to Amend or Make Additional Findings with Respect to Order Granting Motion to Compromise Controversy* (ECF# 388) (the "Motion") filed by APIZZA,

---

[1] The Debtors are: (i) Shiftpixy, Inc.; (ii) Shiftpixy Staffing, Inc.; and (iii) ReThink Human Capital Management, Inc. The address of the Debtors is 1401 NW 25th Street, Miami, FL 33142.

LLC ("APIZZA"), wherein APIZZA requested entry of an order amending or making additional findings under Federal Bankruptcy Rule 7052 with respect to this Court's *Order Granting Trustee's Motion to Compromise Controversy with Certain Former Officers and Directors and XL Specialty Insurance* (ECF No. 383) (the "Settlement Order").

The Court considered the Motion, as well as Trustee's *Response In Opposition To APIZZA's Motion To Amend Or Make Additional Findings With Respect To Order Granting Motion To Compromise Controversy,* (ECF # 403) the Trustee's *Supplemental Response In Opposition To APIZZA's Motion To Amend Or Make Additional Findings With Respect To Order Granting Motion To Compromise Controversy* (ECF # 406) (the Trustee's two responses are the "<u>Response</u>"), and the argument of both counsel for APIZZA and the Trustee at the Hearing. For the reasons stated on the record, as well as for the reasons stated below, the Court

**ORDERS** as follows:

1. APIZZA filed an objection to the *Trustee's Motion to Compromise Controversy With Certain Former Officers and Directors and XL Specialty Insurance* (the "Settlement Motion") (ECF# 369), arguing that APIZZA was not afforded procedural due process because the Court entered separate orders shortening the time to hear the Settlement Motion[2] and sealing the hearing on the Settlement Motion.[3] Notwithstanding those objections, APIZZA was permitted to attend the hearing on the Settlement Motion.

2. As set forth in this Court's Settlement Order, APIZZA did not substantively object to the Settlement Motion. Nor did APIZZA argue that the Trustee failed to carry her burden under

---

[2] *Order Shortening Notice. For Trustee's Motion to Compromise Controversy with Certain Former Officers and Directors and XL Specialty Insurance* (ECF #371)
[3] *Order Granting Agreed* Ex Parte *Motion to File Exhibit Under Seal,* (ECF #368)

2

any of the factors in *In re Justice Oaks II, Ltd.*[4] However, APIZZA did make a general reservation on the record of the matters argued in the hearing on APIZZA's Claim Objection Response and Motion for Stay Relief to preserve its appellate rights, arguing that the issues raised in the Settlement Motion and the Motion for Stay Relief and Objection Response were interrelated.

3. Prior to the Settlement hearing, the Court entered an order sustaining the Objection and denying the Motion For Stay Relief. In connection with that hearing, the Court ruled that APIZZA's claims against the officers and directors of the Debtor were derivative rather than direct.

4. Because of this Court's prior ruling that APIZZA's claims are derivative rather than direct, the Court finds that APIZZA lacked standing to object to the Settlement Motion on the grounds raised by APIZZA in its general reservation on the record at that hearing. Because APIZZA lacked standing to object to the Settlement Motion, APIZZA also lacks standing to bring the current Motion under Fed.R.Bankr.P. 7052.

5. For all of these reasons, the Motion is **DENIED**.

# # #

**Copy furnished to:**
Robert P. Charbonneau
Florida Bar No.: 968234
*Attorney for Jacqueline Calderin, Chapter 7 Trustee*
45 Almeria Avenue
Coral Gables, Florida 33134
T: 305.722.2002

Attorney Charbonneau is directed to serve a conforming copy herein upon all interested parties and file a certificate of service as required under Local Rule 2002-1(F).)

---

[4] 898 F.2d 1544 (11th Cir. 1990)